IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE FORMAN,

                    Petitioner,

          vs.

D. K. SISTO, Warden, California State
Prison, Solano,

                    Respondent.

No. 2:09-cv-00867-JKS

MEMORANDUM DECISION

          Tyrone Forman, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus

Relief under 28 U.S.C. § 2254.  Forman is currently in the custody of the California Department

of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  In his

Petition, Forman challenges the November 5, 2007, decision of the California Board of Parole

Hearings ("Board") denying him parole for a period of two years.  Respondent has answered, and

Forman has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

          In March 1988 Forman was convicted in the Los Angeles County Court of one count of

Murder in the Second Degree (Cal. Penal Code § 187), with a firearm use enhancement (Cal.

Penal Code § 12022.5).  The trial court sentenced Forman to an indeterminate prison term of 22

years to life.  Forman does not challenge his conviction or sentence in his Petition to this Court.

          In November 2007 Forman appeared at a parole-suitability hearing before the Board.

After determining that Forman would pose an unreasonable risk of danger to society or a threat to

public safety if released from prison at that time, the Board denied him parole for a period of two

years.  Forman timely filed a petition for habeas corpus relief in the Los Angeles Superior Court.

The Los Angeles Superior Court denied Forman's petition in an unpublished, reasoned decision.

The California Court of Appeal denied Forman's petition to that court citing *In re Dannenburg*,

34 Cal. 4th 1061, 1071 (2005) and *In re Rosenkrantz*, 29 Cal. 4th 616 (2002).  Forman's

subsequent petition for habeas relief was summarily denied by the California Supreme Court on

November 12, 2008.  Forman timely filed his Petition for relief in this Court on January 26,

2009.

At Docket No. 16 this Court ordered the parties to advise the Court of: (a) the date of

Forman's last parole-suitability hearing before the Board; (b) the decision of the Board at that

hearing; and (c) the current status of any proceedings in the California state courts related to the

Board's decision.  The Court further ordered the parties to submit supplemental briefing

addressing the issue of whether the Petition should be dismissed as moot.  Respondent has

complied with that Order.  Forman has not responded.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Forman raises three grounds:  (1) the Board is not properly administering

California law; (2) the decision of the Board was unsupported by "some evidence"; and (3) the

action of the Board impermissibly alters his sentence from a life sentence with possibility of

parole to one of life without possibility of parole.  Respondent asserts no affirmative defense.[1]

---

[1] *See* Rules—Section 2254 Cases, Rule 5(b).

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[4]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412.

[4] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be objectively unreasonable, not just incorrect or erroneous.[6]  The Supreme Court has made clear

that the objectively unreasonable standard is a substantially higher threshold than simply

believing that the state court determination was incorrect.[7]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of state-court error is limited to whether the error 'so

infected the [proceeding] with unfairness as to make the [result] a denial of due process.'"[8]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state-court criminal proceeding is whether the error had a

substantial and injurious effect or influence in determining the outcome.[9]  Because state court

judgments in criminal proceedings carry a presumption of finality and legality, the petitioner has

the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[10]

　　　In applying this standard, this Court reviews the last reasoned decision by the state

court.[11]  State appellate court decisions that affirm a lower court's opinion without explanation

are presumed to have adopted the reasoning of the lower court.[12]  Under California's unique

---

[6] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[8] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[9] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[11] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[12] *Ylst*, 501 U.S. at 802-03.

4

habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[13]  This is considered the functional equivalent of the appeal process.[14]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[15]  This presumption applies to state trial courts and appellate courts alike.[16]

## IV.  DISCUSSION

Although this Court directed the parties to advise the Court of any subsequent parole-suitability hearings before the Board and brief the question of mootness, that question has, itself, become moot.  In the interval, the United States Supreme Court decided *Swarthout v. Cooke*.[17]  This Court must decide the case on the law as it exists at the time this Court renders its decision, and if controlling law changes while the case is pending, this Court applies the law as changed.[18]  Thus, *Cooke* dictates the result in this case.

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority.  The Supreme

---

[13] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[14] *Id.* at 222.

[15] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[16] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[17] 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam).

[18] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

5

Court decision in *Cooke* is so clear that further briefing would unduly prolong this case without any possibility of changing the result.  The Supreme Court has limited federal habeas review to the procedures followed by the Board and the governor and defined with care what it meant by the applicable procedures.  No longer may this Court consider how the California courts applied California law.  Under these circumstances, further briefing would not aid the Court in reaching a decision.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[19]  That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[20]  Because the only federal right at issue in parole cases is procedural, the relevant inquiry is what process Forman received.[21]  The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[22]  Forman contends that the decision of the Board was unsupported by some evidence as required by California law.[23]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule

---

[19] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[20] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[21] *Cooke*, 131 S. Ct. at 563.

[22] *Id.* at 562 (citing *Greenholtz*, 442 U.S. at 16).

[23] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[24]

California prisoners are allowed to speak at their parole hearings and to contest the evidence

against them, are afforded access to their records in advance, and are notified of the reasons why

parole is denied.  That is all that due process requires.[25]

Forman's contention that the Board misapplied the California statute, Cal. Penal Code

§ 3041, is purely a question of state law, beyond the purview of this Court in a federal habeas

proceeding.[26]  Likewise, Forman's *ex post facto* argument falls wide of the mark.  California law

provides for the possibility of parole, but *only if* release would not pose an unreasonable risk of

danger to society or a threat to public safety.  The Board, the body to which California has

delegated the responsibility for making that determination, has found his release would pose an

unreasonable risk of danger to society or a threat to public safety.  The California courts have

upheld the Board's determination.  "'Federal courts hold no supervisory authority over state

---

[24] *Cooke*, 131 S. Ct. at 563.

[25] *Id.* at 562.

[26] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law); *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."); *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[27]

The short of it is that Forman has failed to establish a wrong of constitutional dimension.

## V.  CONCLUSION AND ORDER

Forman is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[28]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[29]

The Clerk of the Court is to enter judgment accordingly.

Dated:  April 7, 2011.

                                    /s/ James K. Singleton, Jr.
                                    JAMES K. SINGLETON, JR.
                                    United States District Judge

---

[27] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[28] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[29] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.